IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMMY EARL GIPSON,          § | |
|     Petitioner,          § | |
| § | |
| v.          § | Civil Action No. 3:06-CV-1132-K |
| § | |
| NATHANIEL QUARTERMAN, Director,          § | |
| Texas Department of Criminal Justice,          § | |
| Correctional Institutions Division,          § | |
|     Respondent.          § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. Parties**

Petitioner Sammy Earl Gipson, TDCJ-ID #1135797, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Snyder, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. Factual and Procedural History**

In 2002, Gipson was charged by indictment with one count of indecency with a child by touching the breast of T.B., a child younger than 17, in Cause No. F01-99407-I in the Criminal

District Court No. 2 of Dallas County, Texas. (Clerk's R. at 2.) The indictment also included an enhancement paragraph that alleged a prior conviction for indecency with a child. (Id. at 4.)

At trial, T.B., the twelve-year-old daughter of Gipson's former girlfriend Angela Bonner, testified that she awoke one night to find Gipson lying behind her in bed with his hand on her thigh. (3RR at 25-26, 43, 45.) Her capri pants were unzipped in the back and her shirt was rolled up. (*Id.* at 25-26, 39.) She did not know if Gipson had touched her anywhere else. (Id. at 40.) Gipson apologized to T.B. and told her not to tell anyone. (*Id.* at 29.) Bonner testified that she confronted Gibson, and Gibson told her that he had touched T.B. on her breasts, her butt, and between her legs. (*Id.* at 55.) Gibson's probation officer in his previous case, Emily Lackey, testified to a similar incident involving Gibson's step-daughter. (*Id.* at 96.) Gibson denied committing the offense. He testified that he was hurt by Bonner's accusation and responded, "[s]o I guess you think I touched her on her what, what, I touched her on her butt, between the leg[s], breast, what, you know like that." (*Id.* at 137.)

A jury found Gipson guilty of the offense on October 31, 2002; Gipson pled true to the enhancement allegation; and the jury assessed his punishment at twenty-five years' confinement. (Id. at 66.) Gipson appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Gipson's petition for discretionary review. *Gipson v. Texas*, No. 05-02-01771-CR, slip op. (Tex. App.–Dallas Apr. 13, 2004); *Gipson v. Texas*, PDR No. 0664-04. Gipson filed a state postconviction application for writ of habeas corpus raising one or more of the issues presented herein, and it was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *Ex parte Gipson*, Appl. No. WR-63,347-01, at cover. *See also* http://www.cca.courts.state.tx.

Gipson filed this federal petition on June 22, 2006.

**D. Issues**

Gipson raises three grounds of ineffective assistance of trial counsel. (Petition at 7.)

**E. Rule 5 Statement**

Quarterman believes that Gipson has exhausted his state remedies as to the claims presented. (Resp't Answer at 3) 28 U.S.C. § 2254(b)(1).

## II. ANALYSIS

**A. Legal Standard for Granting Habeas Corpus Relief**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Federal courts are required to give great deference to a state court's factual findings. *See*

*Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, the denial is an adjudication on the merits that is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

**B. Ineffective Assistance of Counsel**

Gipson claims trial counsel was ineffective by failing to (1) object to Lackey's testimony regarding the details of his prior conviction and probation for indecency with a child, (2) cross-examine T.B. about her statement to Bonner and Bonner's hearsay testimony about T.B.'s statements, and (3) object under rule 403. (Petition at 7; Pet'r Memorandum at 5-16.)

A criminal defendant has a Sixth Amendment right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where,

4

as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190, 198 (5th Cir. 2001).

Gipson first claims counsel was ineffective by failing to object to Lackey's extraneous offense testimony regarding his prior conviction and probation for indecency with a child to show lack of mistake. Counsel did, however, raise relevant objections to the complained of testimony, to no avail. (3RR at 74-79, 91-93.)

Gipson next claims counsel was ineffective by failing to cross-examine T.B. about her statement to Bonner. Counsel did question T.B. about her statement to Bonner, however, and T.B. testified that she told Bonner she was only aware of Gibson touching her thigh. (*Id.* at 39-40.) Gibson also claimed that counsel should have objected on hearsay grounds to admission of Bonner's testimony regarding T.B.'s outcry as well as the contents of a letter he sent to Bonner from jail stating that he confessed because he was upset and asking her to drop the charges. Pursuant to article 38.072 of the Texas Code of Criminal Procedure, the first statements made by a child to an adult other than the defendant about an alleged sexual offense against the child are an exception to the hearsay rule. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 1 (Vernon 2006). Further, the letter and its contents were offered against Gibson and contained Gibson's own statements. As such, the letter and its contents, and Bonner's testimony about them, were not hearsay under Rule

5

801(e)(2)(A) of the Texas Rules of Evidence. Gibson has not shown that his counsel's failure to object to evidence that is admissible under Texas law was unreasonable. Counsel is not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Finally, Gibson claims counsel was ineffective by failing to object under Rule 403 of the Texas Rules of Evidence to the admission of extraneous offense evidence regarding his prior conviction under Rule 404(b). Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. The record reflects that counsel did make such an objection, albeit incorrectly worded, and the trial court conducted a Rule 403 analysis. (3RR at 78-79.)

Gipson's ineffective assistance claims are conclusory. He makes no effort to rebut the presumptive correctness of the state court's adjudication of the claims, nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness. An ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief. *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992). Gipson has not met his burden of overcoming the strong presumption that his trial counsel was competent.

### III. RECOMMENDATION

Gipson's petition for writ of habeas corpus should be DENIED.

SIGNED on this 2nd day of July, 2008.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                 _____
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE